[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16434
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-14432-KMM


JOHN MANN,
on behalf of himself and
others similarly situated,

                                                        Plaintiff - Appellee,


versus


MICHAEL FALK AND DEBRA FALK,
d.b.a. Adelaide Shores RV Resort,
MICHAEL FALK,
individually,
DEBRA FALK,
individually,

                                                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal presents the issue whether a recreational vehicle park qualifies as a recreational establishment that is statutorily exempt from providing its employees overtime compensation under the Fair Labor Standards Act.  John Mann served for several years as the maintenance man and groundskeeper at the Adelaide Shores RV Resort, and after he was fired, he sued the owners of the resort, Michael and Debra Falk, for unpaid overtime compensation under the Act.  See 29 U.S.C. § 207(a)(1).  The Falks moved for summary judgment on the ground that Adelaide Shores was a recreational establishment exempt from the overtime provision, but the district court ruled that Adelaide Shores did not qualify as a recreational establishment and entered a partial summary judgment in favor of Mann.  See id. § 213(a)(3).  After a jury awarded Mann more than $37,000 in overtime wages, the Falks appealed the judgment against them.  We affirm.

## I. BACKGROUND

Adleaide Shores is a recreational vehicle park that caters to retirees who travel to Florida during the winter.  Adelaide Shores derives approximately 92 percent of its income from renting lots, and the remainder of its income from selling recreational vehicles.  Approximately 10 percent of the recreational vehicle

2

lots are occupied permanently, while other lots are leased yearly and occupied periodically.  The residents of Adelaide Shores sign a residential lease agreement, which refers to Adelaide Shores as the "landlord" and the residents as "tenants."  All annual leaseholders and permanent residents are required to pay the majority of their annual rent in November.

Michael Falk hired Mann to perform maintenance and landscaping tasks at Adelaide Shores.  Mann worked as an independent contractor from May 2004 until August 2009, when Mann became Falk's employee.  While Mann worked at Adelaide Shores, its residents could participate in free daily activities on its grounds, and Adelaide Shores had golf professionals who provided lessons at another site and coordinated trips to local golf courses.  An activities committee comprised of residents of Adelaide Shores organized many activities in the community, and proceeds of the activities went to the committee, not to the Falks.  Between November 2010 and March 2011, Adelaide Shores hired an Activities Director who received a lot for a recreational vehicle free of charge in exchange for her services.  In November 2011, Michael Falk fired Mann.

Mann complained of retaliation for protesting the denial of overtime compensation, 29 U.S.C. § 215(a)(3), the denial of overtime wages, id. § 207(a)(1), and unjust enrichment.  Mann also included in his complaint a claim for

3

declaratory relief, but he later dismissed that claim.  The Falks answered that Mann did not have a good faith, objectively reasonable belief that the denial of overtime compensation was unlawful; Adelaide Shores was a recreational establishment that was statutorily exempt from the overtime provision of the Fair Labor Standards Act; and Mann's claim for unjust enrichment was preempted by the Federal Insurance Contributions Act.  Later, the Falks moved for summary judgment on all claims, and Mann moved for partial summary judgment regarding the Falks' liability for unpaid overtime compensation.

The district court granted partial summary judgment to both parties.  The district court granted partial summary judgment to Mann on the ground that the Falks were an employer under the Fair Labor Standards Act and Adelaide Shores did not qualify as a recreational establishment.  The district court granted summary judgment in favor of the Falks on the ground that Mann's claim of unjust enrichment was preempted by the Insurance Contributions Act.  Later, a jury found that the Falks had not retaliated against Mann, but that the Falks had violated the overtime compensation law and owed Mann $37,007.94 in unpaid wages.

## II. STANDARD OF REVIEW

We review a summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party.  <u>See</u> <u>Gregory v. First Title Of Am., Inc.</u>,

4

555 F.3d 1300, 1301 (11th Cir. 2009).  Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. DISCUSSION

The Falks argue that Adelaide Shores satisfies the two-part test to be eligible for the recreational exemption to the overtime compensation provision of the Fair Labor Standards Act.  The Falks contend that Adelaide Shores qualifies as a recreational establishment because it is a destination getaway that offers activities for its clientele and its income flow establishes that it is a seasonal business.  Because we conclude that Adelaide Shores does not qualify as a recreational establishment, we need not reach the issue of whether the business is seasonal.

The Act requires employers to pay employees at least one and one-half times their regular pay for hours worked in excess of 40 hours each week.  29 U.S.C. § 207(a).  The Act contains numerous exemptions, including an exemption for employees of amusement or recreational establishments.  See id. § 213(a)(3).  Because the Act is remedial in nature, the recreational exemption is "construed narrowly," and the burden of proof rests with the employer seeking the exemption.  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008).  To obtain the exemption, the employer must establish that its

5

establishment qualifies as a recreational establishment and that the establishment is seasonal:

> The provisions of . . . section 207 of this title shall not apply with respect to . . . any employee employed by an establishment which is an amusement or recreational establishment . . . if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year . . . .

29 U.S.C. § 213(a)(3).

The Act does not describe the qualities of a "recreational establishment," but the Department of Labor has issued an regulation interpreting the term. "We defer to those regulations when the statutory language is ambiguous or the statutory terms are undefined." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1299 (11th Cir. 2011). The regulation defines a "recreational establishment" as an "establishment[] frequented by the public for its . . . recreation." 29 C.F.R. § 779.385.

Consistent with the regulation, our precedents establish that the business of a recreational establishment is to provide amusement or entertainment for its customers. This Court has held that a minor league baseball team provided the type of "recreational activity" to qualify it as an amusement or recreational establishment. Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 595 (11th Cir.

6

1995).  We also have recognized that a canine racetrack qualifies as an amusement or recreational establishment.  Alvarez Perez, 515 F.3d at 1156.

A recreational establishment must also sell recreation or entertainment as its "principal activity."  Although it is clear that a baseball team and a racetrack derive their income from the recreation that they provide, the issue is more complicated for a business that promotes, but does not sell, recreational activities.  When presented with that dilemma in Brennan v. Texas City Dike & Marina, Inc., 492 F.2d 1115 (5th Cir. 1974), our predecessor court devised a "principal activity" test to determine whether a business qualifies as a recreational establishment.  Id. at 1119.  In Texas City, the Marina argued that it qualified as a recreational establishment because it supplied goods and services used "for recreational boating and fishing in and on the Gulf of Mexico," but we concluded that selling goods used in those recreational activities was not enough.  Id. at 1118–20.  We determined from the legislative history of the exemption and the opinions of the Wage and Hour Administrator that the exemption applied to businesses that were recreational enterprises, such as golf courses, amusement parks, carnivals, circuses, sports parks, pari-mutuel racing parks, summer camps, sport boating, and fishing.  Id. at 1118.  But we found it difficult to determine whether the Marina qualified as a recreational enterprise because of the "variegated nature" of its business, which

7

ranged from selling boats, trailers, and convenience items to performing boat maintenance.  Id. at 1119.  We decided to classify the Marina based on "its principal activity" as determined by "major income source."  Id. at 1119.  Because the Marina derived the majority of its income from "selling expensive recreational hardware" like boats and trailers instead of providing recreation, we held that the Marina was "ineligible for [an] exemption as a . . . recreational establishment."  Id. at 1120.

The Wage and Hour Division of the Department of Labor has applied our "principal activity" test to determine if a business qualifies as a recreational establishment.  Wage-Hour Op. Letter, No. 39 (Oct. 12, 2006).  Although we do not defer to opinions of the Wage and Hour Division as we do the regulations promulgated by the Department, the opinions of the Division are "entitled to respect . . . to the extent that those interpretations have the power to persuade."  Christensen v. Harris Cnty., 529 U.S. 576, 587, 120 S. Ct. 1655, 1663 (2000).  And we find persuasive the opinion of the Division that a vacation cruise line was in the business of recreation.  Wage-Hour Op. Letter 39.  The Division cited our decision in Texas City and opined that the cruise line appeared to qualify as a recreational establishment because the primary activity of its vessels involved entertaining passengers.  Id.  The Division explained that, as long as the majority of the income

was attributable to the "nature-related and sight-related aspects of the excursion[s] and entertainment" portion of the ticket sales instead of "food, drink, lodging, concessions, and gifts," the cruise line qualified as a recreational establishment. Id. And the source of the income mattered because the Division distinguished the cruise line from a "resort hotel," id., an entity that we have recognized derives its income from selling the use of its premises, see Texas City, 492 F.2d at 1118 (stating that hotels and motels "[sold] the temporary use of their premises").

The Division also concluded in an earlier opinion letter that a dude ranch did not qualify as a recreational establishment. Wage-Hour Op. Letter, No. 1276 (May 6, 1994). The Division mentioned that the dude ranch provided "vacation packages," which "include[d] lodging at . . . [a] guest cabin[] or guest room[], all meals, and a wide variety of recreational activities" that were "held or originate[d] on the ranch's premises." Id. Despite its recreational activities, the Division likened the dude ranch to a "resort hotel" and opined that the dude ranch did not qualify as an amusement or recreational establishment. Id.

Based on our precedent in Texas Ranch and the persuasive opinions of the Division, we conclude that Adelaide Shores RV Resort does not qualify as a recreational establishment. The principal activity of Adelaide Shores is selling recreational vehicle lots and recreational vehicles. See Texas Marina, 492 F.2d at

9

1119.  Adelaide Shores promotes and even provides some recreational activities, but providing recreation is not its principal activity.  The majority of recreational activities at Adelaide Shores are organized and funded by the residents.   Like a resort hotel, Adelaide Shores uses the community activities to entice retirees to visit and purchase a site for their recreational vehicle.

The Falks argue that its clientele visit Adelaide Shores for its recreation and that necessarily makes the recreational vehicle park a recreational establishment, but we disagree.  Undoubtedly, retirees come to Adelaide Shores for recreation, but that does not transform the business itself into a recreational entity.  Under the Falks' reasoning, an establishment that provides recreation, but is not in the business of recreation, like a store that sells pool supplies and toys, would qualify.  To accept the Falks' argument would "permit an exemption to swallow the FLSA."  Id.

The district court did not err when it entered judgment in favor of Mann's complaint for unpaid overtime compensation.  Adelaide Shores did not qualify as a recreational establishment because its principal activity, selling recreational vehicles and leasing lots to house those vehicles, is not recreational in nature.  Because Adelaide Shores did not qualify for the exception to the overtime

10

compensation law, it had to compensate Mann for the time he worked beyond that required under the standard 40-hour workweek.

## IV. CONCLUSION

We **AFFIRM** the judgment in favor of Mann for unpaid overtime compensation.